**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JON R. HEGWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 12-2265-JWL |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) terminating Social Security Disability(SSD) benefits under section 223 of the Social Security Act. 42 U.S.C. § 423 (hereinafter the Act). Finding error in the ALJ's failure to weigh Dr. Majure-Lees's medical opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.     Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

In May, 2001 Plaintiff was found disabled beginning on June 28, 2000 because of fractures of his arms requiring ongoing medical management. (R. 15). In a continuing disability review on August 30, 2003, Plaintiff's disability was determined to continue. Id. In a second review dated May 19, 2008, it was determined that Plaintiff's condition was medically improved beginning May 15, 2008, and his period of disability was terminated effective July 31, 2008. Id. at 15, 27. Plaintiff objected, and in due course he exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision terminating benefits. He alleges the Administrative Law Judge (ALJ) erred in finding medical improvement related to the ability to work at steps three and four of the Commissioner's eight-step sequential process used to evaluate the termination of benefits, erred in assessing Plaintiff's residual functional capacity (RFC) based on all of his current impairments at step seven, and erred in relying on vocational expert testimony at step eight of the process. The court finds that remand is necessary because in assessing RFC at step seven of the sequential process the ALJ failed to weigh Dr. Majure-Lees's medical opinion and that failure may be material to the determination whether Plaintiff is able to perform substantial gainful work.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the

correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner has promulgated an eight-step sequential process to evaluate termination of benefits. Hayden v. Barnhart, 374 F.3d 986, 988 (10th Cir. 2004); Jaramillo v. Massanari, 21 Fed. Appx. 792, 794 (10th Cir. 2001); 20 C.F.R. § 404.1594(f)(1-8). If at any step a determination can be made that a recipient is unable to engage in substantial gainful activity, evaluation under a subsequent step is not necessary. 20 C.F.R. § 404.1594(f). In step one, the Commissioner must determine whether the recipient is presently engaged in substantial gainful activity. Id. § 404.1594(f)(1). Step two considers whether the recipient has a medically severe

3

impairment or combination of impairments which is equivalent to one of the impairments listed in Appendix 1 to subpart P of the regulations. Id. § 404.1594(f)(2). If any or all of the recipient's current impairment(s) meets or equals a listed impairment, his disability is conclusively presumed to continue. Id. In step three, the Commissioner determines if the recipient's impairment(s) which was present at the most recent favorable decision has undergone medical improvement. Id. § 404.1594(f)(3)&(b)(1). To determine whether medical improvement has occurred, the ALJ compares "the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision . . . to the medical severity of that impairment(s) at that time." Id. § 404.1594(b)(7) (emphases added). Medical improvement has occurred where there is a decrease in medical severity, which is shown by "changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." Id. § 404.1594(c)(1).

If medical improvement is found in step three, step four involves a determination whether that medical improvement is related to the recipient's ability to work. Id. § 404.1594(f)(4). In deciding whether medical improvement is related to the ability to work, the ALJ will compare the recipient's current RFC "based upon this previously existing impairment(s) with [his] prior residual functional capacity." Id. § 404.1594(b)(7). "Unless an increase in the current residual functional capacity is based on changes in the signs, symptoms, or laboratory findings, any medical improvement that

4

has occurred will <u>not</u> be considered to be related to [the recipient's] ability to work." <u>Id.</u> § 404.1594(c)(2) (emphasis added).

If, however, the most recent favorable decision was based upon a finding that the recipient's condition met or equaled the severity of an impairment in the Listing of Impairments (20 C.F.R. Pt. 404, Subpt. P, App.1), an RFC assessment would not have been made because RFC is not assessed until after consideration of the Listing of Impairments. <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988); <u>compare</u>, 20 C.F.R. § 404.1520(e) (RFC assessed if impairment(s) do not meet or equal a listing), <u>with</u> § 404.1594(c)(3)(i) (if most recent favorable decision was based on a finding the impairment(s) met or equaled a listing, an assessment of RFC would not have been made). In such a case, where "medical improvement has occurred and the severity of the prior impairment(s) no longer meets or equals the same listing section used to make [the] most recent favorable decision, [the Commissioner] will find that the medical improvement was related to [the recipient's] ability to work." 20 C.F.R. § 404.1594(c)(3)(i).

If the Commissioner determines, at step three, that there has been <u>no</u> medical improvement or, at step four, that any medical improvement is <u>not</u> related to the recipient's ability to work, he will determine that disability continues unless he finds at step five that certain statutory exceptions apply. <u>Id.</u> § 404.1594(f)(5). If medical improvement related to the recipient's ability to work <u>is</u> found at steps three and four, the commissioner will determine, at step six, whether <u>all</u> of the recipient's <u>current</u>

5

impairments in combination are severe. Id. § 404.1594(f)(6). If the recipient's current impairments in combination are severe, the Commissioner will assess his RFC at step seven "based on all [his] current impairments, and consider whether [he] can still do work [he has] done in the past." Id. § 404.1594(f)(7). If so, the recipient's disability benefits will be terminated. Id. If not, then the Commissioner will determine at step eight whether (when considering the recipient's current RFC, age, education, and past work experience) he can perform other work existing in the economy. Id. § 404.1594(f)(8). If so, the recipient's disability benefits will be terminated. Id.

The burden in a termination case is on the Commissioner to show both (1) medical improvement related to the recipient's ability to work, and (2) that the recipient is currently able to engage in substantial gainful activity. Patton v. Massanari, 20 Fed. Appx. 788, 789 (10th Cir. 2001) (citing Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994); and 20 C.F.R. 404.1594(a)); Jaramillo, 21 Fed. Appx. at 794 (same).

## II. Consideration of Medical Source[2] Opinions

Plaintiff argues that the ALJ erred in weighing the opinions of several medical sources including Dr. Majure-Lees, Dr. Rosamond, Dr. Debroy, and a physician's assistant, Ms. Ensminger. The court finds that remand is necessary because the ALJ did not evaluate the medical opinion of Dr. Majure-Lees. Therefore, it will not address the

---

[2]The physician's assistant who treated Plaintiff, Ms. Ensminger, is not an "acceptable medical source," and her opinion is technically not a "medical opinion." Soc. Sec. Ruling (SSR) 06-3p. Nonetheless, her opinion is a "medical source opinion," id., and the court includes it in the discussion here.

alleged errors in evaluating the other medical source opinions, and Plaintiff may make his arguments in that regard to the Commissioner on remand.

Plaintiff points out that Dr. Majure-Lees completed a Physical RFC Assessment form for the agency which included certain limitations which were not included in the RFC assessment determined by the ALJ in this case: occasional climbing ramp/stairs, occasional stooping, occasional kneeling, avoid concentrated exposure to extreme cold, and avoid concentrated exposure to hazards such as machinery, heights, etc. (Pl. Br. 9) (citing R. 339, 340[3]). He also points out that the ALJ did not discuss or cite Dr. Majure-Lees's opinion in the decision here, and did not explain the weight accorded to that opinion, if any. Id. Plaintiff argues that several regulations and rulings promulgated by the Commissioner require that medical opinions such as Dr. Majure-Lees's must be considered and may not be ignored, and require that the decision must explain the weight accorded to such medical opinions. Id.

The Commissioner points out that Plaintiff inconsistently argues "that the opinion of a non-examining physician 'cannot constitute substantial evidence upon which the ALJ may base his decision,'" but that the opinion of Dr. Majure-Lees, a non-examining physician, should have been discussed and accorded weight. (Comm'r Br. 18) (citing Pl. Br. 9-10). She argues that the ALJ considered all of the medical opinions as he stated in the decision, and that although he did not specify the weight given to Dr. Majure-Lees's

---

[3] Plaintiff's Brief cited page 341 of the record, but the information to which he cited actually appears on page 340.

opinion, that opinion was substantially consistent with Dr. Rosamond's opinion with which the ALJ "agreed," the differences are inconsequential, and Plaintiff can show no prejudice from the failure to accord weight to the opinion. Id. at 18-20.

The court cannot agree with the Commissioner's argument. As Plaintiff points out, the regulations provide that all evidence from non-examining sources such as state agency physicians is considered opinion evidence, that it must be evaluated using the regulatory factors for weighing medical opinions, and that unless a treating source opinion is given controlling weight the ALJ must <u>explain in the decision</u> the weight given the opinion. 20 C.F.R. § 404.1527(f); <u>see also</u>, SSR 96-6p, West's Soc. Sec. Reporting Serv., Rulings 129 (Supp. 2013) ("Administrative law judges . . . may not ignore these opinions and <u>must explain the weight given to these opinions in their decisions</u>.") (emphasis added). Beyond the requirement for consideration of the opinions of state agency physicians, the regulations require that <u>all</u> medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, will be evaluated by the Commissioner in accordance with factors contained in the regulations. Id. § 404.1527(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013). Moreover, SSR 96-8p explains, "The RFC assessment must always consider <u>and address</u> medical opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must <u>explain</u> why the opinion was not adopted." West's Soc. Sec. Reporting Serv., Rulings 150 (Supp. 2013) (emphases added).

8

While it is self-evident that the regulations are binding on the Agency, SSR rulings are also binding on "all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1); see also, Sullivan v. Zebley, 493 U.S. 521, 530 n.9 (1990) ("binding on all components of the Administration"); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993) ("rulings are binding on an ALJ").

The Commissioner admits that, "the ALJ did not specify the weight given to Dr. Majure-Lees's opinion." (Comm'r Br. 18). And, as is clear from the court's citation of the regulations and rulings above, this is error. The question is, whether the error is harmless. The Commissioner argues that it is harmless because Dr. Majure-Lees's opinion is substantially consistent with Dr. Rosamond's opinion--with which the ALJ stated he "agreed."

With regard to postural limitations, Dr. Rosamond found that Plaintiff can frequently climb ramps and stairs and can frequently stoop and kneel, whereas Dr. Majure-Lees found that he can only occasionally perform each of these movements. (R. 339. 366). Dr. Rosamond found that Plaintiff is unlimited with regard to extreme cold, but Dr. Majure-Lees opined he must avoid concentrated exposure to extreme cold. (R. 340, 367). Finally, both physicians found that Plaintiff must avoid concentrated exposure to "Hazards (machinery, heights, etc.)," but the ALJ found only that Plaintiff cannot work at heights. Id. at 20, 340, 367. Citing SSR 83-14 and SSR 85-15 (without pinpoint citation), the Commissioner argues that the postural limitations opined by Dr. Majure-Lees "were unlikely to substantially erode the light occupational base," and that

9

"environmental restrictions, like a limitation to avoid extreme cold, have little to no effect on work at all exertional levels." (Comm'r. Br. 19).

The Commissioner's argument is disingenuous. With the exception of stooping and kneeling, the specific examples in SSR 83-14 or SSR 85-15 do not relate to the specific postural or environmental limitations discussed herein. Additionally, SSR 85-15 is applicable only in situations where the recipient has <u>no</u> exertional limitations which would preclude consideration of the broad world of work from sedentary to very heavy exertion, and is limited only by non-exertional limitations imposed by mental, postural, manipulative, hearing, visual, or communicative impairments, or environmental restrictions. SSR 83-14 contemplates evaluation of a recipient with both exertional and non-exertional limitations, but, again with the exception of occasional stooping at the light exertion level, addresses none of the specific limitations at issue here. Moreover, Plaintiff has the significant additional exertional limitation that he has no functional use of his non-dominant arm or hand. While that fact does not require a finding of disability, it does caution against this court (which has no vocational expertise) from deciding in the first instance whether limitations to only occasional climbing of ramps or stairs and occasional stooping or kneeling, to avoid extreme cold, and (especially) to avoid hazards of machinery would have a material effect on the decision in this case.

Here, the ALJ did not explain the weight accorded to Dr. Majure-Lees's opinion. In fact, although the ALJ stated that he had "considered opinion evidence in accordance with" the regulations and rulings, so far as the record reveals the ALJ may not have even

noticed Dr. Majure-Lees's opinion. (R. 21). There is simply no mention of Dr. Majure-Lees and no citation to her opinion (Ex. 9F) anywhere in the decision. Remand is necessary for the Commissioner to consider in the first instance Dr. Majure-Lees's opinion and to explain the weight accorded to it.

In one final matter, the court notes that both Dr. Rosamond and Dr. Majure-Lees opined that Plaintiff should avoid hazards, defined to include machinery and heights, but the ALJ found only that Plaintiff cannot work at heights--even though he stated that he "agreed" with Dr. Rosamond's opinion. These facts seem to create an ambiguity which the ALJ should have explained in his narrative discussion of the RFC as required by SSR 96-8p. Yet, he did not. Even though Plaintiff did not assert error in this regard, the court's attention is aroused because two of the representative jobs noted for Plaintiff might be viewed as requiring work around machinery--photograph counter clerk, and arcade attendant. On remand the Commissioner should explain this ambiguity also.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceeding consistent herewith.

Dated this 24th day of October 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**